IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:24-MC-3-M

**FILED**
FEB 16 2024
PETER A. MOORE, JR., CLERK
US DISTRICT COURT, EDNC
BY_____ DEP CLK



| | |
|---|---|
| COSTAR GROUP, INC., and COSTAR REALTY INFORMATION, INC., <br><br>Petitioners,<br><br>v.<br><br>MOBIUS365 KNOWLEDGE SERVICES INC.,<br><br>Respondent. | **MEMORANDUM IN SUPPORT OF COSTAR'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS**<br><br>Underlying Action:<br><br>CASE NO. 2:20-CV-08819-CBM-AS<br>In the United States District Court for the Central District of California |

## **TABLE OF CONTENTS**

**Page**

I. INTRODUCTION ...........................................................................................1

II. BACKGROUND .............................................................................................2

III. ARGUMENT ...................................................................................................5

    A. Mobius's Privilege Log Is So Deficient That It Favors Finding That Mobius Waived Privilege. ....................................................................5

        1. Mobius's Privilege Log Does Not Comply With Rule 26. ..........5

        2. Mobius Waived Privilege Over Each Communication In Its Privilege Log. ...............................................................................8

    B. Mobius Must Produce Documents Consistent with Standard Production Norms. .................................................................................9

    C. Mobius's Production Is Incomplete. ..................................................10

IV. CONCLUSION ..............................................................................................10

## TABLE OF AUTHORITIES

**Page(s)**

### CASES

*Ali v. Worldwide Language Res., LLC,*
  2022 U.S. Dist. LEXIS 201861 (E.D.N.C. Nov. 4, 2022) ......................................... 6

*Companion Prop. & Cas. Ins. Co. v. U.S. Bank N.A.,*
  2016 U.S. Dist. LEXIS 152564 (D.S.C. Nov. 3, 2016) ............................................. 8

*CoStar Grp., Inc. v. Comm. Real Est. Exch. Inc.,*
  No. 20-cv-08819-CMS-AS (C.D. Cal.) ..................................................................... 2

*In re Grand Jury Subpoena No. 2013R00691-009,*
  201 F. Supp. 3d 767 (W.D.N.C. 2016) ................................................................. 6, 7

*Hepburn v. Workplace Benefits, LLC,*
  2014 WL 12623294 (E.D.N.C. Apr. 18, 2014) ......................................................... 7

*Meade v. Gen. Motors, LLC,*
  250 F. Supp. 3d 1387 (N.D.G.A. Apr. 21, 2017) ...................................................... 9

*Mr. Dee's Inc. v. Inmar, Inc.,*
  2021 WL 3861839 (M.D.N.C. Aug. 30, 2021) ......................................................... 7

*Progressive Se. Ins. Co. v. Arbormax Tree Serv., LLC,*
  2018 WL 4431320 (E.D.N.C. Sept. 17, 2018) .......................................................... 6

*U.S. Tobacco Coop., Inc. v. Certain Underwriters at Lloyd's,*
  2021 WL 1341360 (E.D.N.C. Apr. 9, 2021) ............................................................. 8

*United Stationers Supply Co. v. King,*
  2013 WL 419346 (E.D.N.C. Feb. 1, 2013) ............................................................... 7

*Vaughan v. Celanese Ams. Corp.,*
  2006 WL 3592538 (W.D.N.C. Dec. 11, 2006) ...................................................... 6, 7

*Westchester Surplus Lines Ins. Co. v. Clancy & Theys Constr. Co.,*
  2013 WL 6058203 (E.D.N.C. Nov. 14, 2013) .......................................................... 9

### RULES

Fed R. Civ. P. 26(b)(5)(A) .................................................................................... *passim*

## Index of Exhibits in Support of CoStar's Motion to Compel Production of Documents

| Ex. No. | Description |
|---|---|
| 1. | Letter from R. Borgert to Mobius365 Knowledge Services, Inc. and K. Ayubkhan regarding Subpoena, dated May 17, 2023 |
| 2. | Letter from L. Barazi to Roberto Borgert regarding Representation of Mobius365 Knowledge Services, Inc., dated June 26, 2023 |
| 3. | Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action directed to Mobius365 Knowledge Services Incorporated c/o Registered Agents Inc., dated September 6, 2023 |
| 4. | Third-Party Mobius 365 Knowledge Services, Inc.'s Responses and Objections to Subpoena for Production of Documents, Information, or Objects, dated September 22, 2023 |
| 5. | Email chain between Counsel regarding Mobius 365 Knowledge Services, Inc.'s Subpoena, Production of Documents, and Privilege Log, dated October 12, 2023 through December 5, 2023 |
| 6. | Email chain between Counsel regarding Mobius 365 Knowledge Services, Inc.'s Subpoena, Production of Documents, and Privilege Log, dated January 4, 2024 through February 12, 2024 |
| 7. | Third-Party, Mobius Knowledge Services, Inc.'s Privilege Log, dated January 29, 2024 |

## I.     INTRODUCTION

Respondent Mobius365 Knowledge Services, Inc. ("Mobius") repeatedly thumbed its nose at the Rule 45 subpoena issued by Petitioners CoStar Group, Inc. and CoStar Realty Information, Inc. ("CoStar"), ignoring agreed production deadlines, withholding responsive documents, and then producing some selected, responsive documents in a format that significantly hampered CoStar's ability to review them. In an effort to avoid judicial intervention, CoStar met and conferred with Mobius for five months about Mobius's response to the subpoena, and ultimately persuaded Mobius to address some—but not all—concerns. ***First***, Mobius refuses to cure the deficient nature of its privilege log (the "Privilege Log"), which Mobius produced four months *after* the production deadline and which is facially non-compliant with Rule 26. For example, 12 of the 151 communications on the Privilege Log are with a third party—Commercial Real Estate Exchange, Inc. ("CREXi"), the defendant in the underlying copyright litigation pending in the Central District of California—thus are presumptively not privileged as the attorney-client privilege is waived upon disclosure of an otherwise privileged communication to a third party. The log also does not identify a single attorney (indeed, it does not identify most participants by their full name and identifies some participants as "Mobius"); it does not describe the nature of any withheld communication (again, oftentimes "describing" documents only as "Mobius"); and while all 151 entries are withheld as "attorney-client privilege and attorney work product," the log does not contend that a single withheld communication purports to be between an attorney and client for the purpose of obtaining legal advice, or prepared in anticipation of litigation. ***Second***, Mobius has refused to produce documents in compliance with production norms such that they can be reviewed in an efficient manner, instead producing documents without metadata, not as families, and, in some instances, where documents are not readable. ***Third***, even a cursory review of Mobius's production reveals significant production gaps, the most glaring of which is Mobius's failure to produce a single CoStar image in its possession notwithstanding the fact that it uploaded thousands of CoStar-owned images to CREXi's platform.

In light of the obvious deficiencies, which Mobius refuses to cure, CoStar respectfully requests an order (1) finding that Mobius waived privilege over the 151 documents on the Privilege Log and compelling

1

their production, (2) compelling Mobius to reproduce the documents it has produced in compliance with the protocol set forth in the subpoena; and (3) compelling Mobius to supplement its production with documents in its possession, custody, and control that are responsive to the Subpoena but not yet produced.

## II. BACKGROUND

CoStar and CREXi each operate online commercial real estate marketplaces. In September 2020, after discovering that CREXi had stolen thousands of CoStar's copyrighted images, CoStar filed suit in the Central District of California. *See CoStar Grp., Inc. v. Comm. Real Est. Exch. Inc.*, No. 20-cv-08819-CMS-AS (C.D. Cal.) (the "Litigation"); ECF 1 ¶¶ 1, 5.[1] CREXi's discovery responses in the Litigation indicate that CREXi relied on subpoena recipient Mobius, among an army of other business processing firms ("BPOs"), to build commercial real estate listings on its website. *See* ECF 444-1, Ex. B at 21. Specifically, CREXi admits that it hired Mobius in June of 2020 to "create[] and update[] commercial real estate listings for the CREXi platform." *Id.*. As part of that process, Mobius uploaded CoStar-copyrighted photographs to CREXi's competing platform, including over ***six thousand*** of the approximately 50,000 CoStar-owned images now at issue in the Litigation. CREXi also admits that it directed Mobius (among other BPOs) "to remove or crop out CoStar's logo" from CoStar-owned images before publishing them on CREXi.com. ECF 438 ¶ 259. Mobius still works for CREXi to this day. ECF 444-1, Ex. B at 21.

Given the central role Mobius played in CREXi's infringement scheme, CoStar reached out to Mobius in May 2023 to request relevant and responsive documents. Ex. 1. Mobius responded on June 26, 2023, ostensibly willing to meet and confer about the scope of a voluntary production. Ex. 2. The parties spent the next two months in protracted negotiations about the parameters of a voluntary production, but it became clear that Mobius did not intend to produce relevant and responsive documents absent a subpoena.

Accordingly, CoStar served Mobius with a Rule 45 subpoena (the "Subpoena") on September 6, 2023. Ex. 3. The Subpoena included nine document requests seeking, among other things, documents and communications regarding Mobius's work for CREXi, communications about copying CoStar content for

---

[1] All ECF citations refer to the docket in the Litigation.

2

CREXi listings, CoStar-owned photographs in Mobius's possession, and information on how Mobius acquired such photographs. *See id.* Because Mobius still works for CREXi, the Subpoena requested documents that would capture information about Mobius's ongoing work for CREXi. Mobius served its responses and objections to the Subpoena on September 22, 2023. Ex. 4. Mobius made general and specific objections to CoStar's requests, including stock privilege objections, but otherwise agreed to produce documents in response to each request.

Mobius then took several months to produce responsive documents. While Mobius's production deadline was September 22, 2023, it requested a 60-day extension, setting a production deadline of November 21, 2023. Ex. 5 at 24-26. CoStar agreed to Mobius's request on the condition that Mobius contemporaneously produce a privilege log. *Id.* On November 21, however, Mobius did not produce any documents or a privilege log. Instead, Mobius requested a 10-day extension "due to the holidays." *Id.* at 21. CoStar again agreed to Mobius's request, with the understanding that Mobius would produce all responsive documents and a privilege log by December 1, 2023. *Id.* at 20-21. Yet on December 1, 2023, Mobius did not produce any documents or a privilege log; it requested a five day extension because counsel "has been sick." *Id.* at 20. CoStar agreed to Mobius's request, but made clear that "this will be the final extension." *Id.* at 19. Depositions were underway in the Litigation and Mobius's failure to timely produce responsive documents prevented CoStar (and CREXi) from using those documents in depositions. Further, the fact discovery deadline in the Litigation—February 16, 2024—was fast approaching. Dkt. 672 at 3.

On December 5, 2023, Mobius produced just 76 documents and no privilege log. Ex. 5 at 18-19. Mobius offered no explanation for its failure to produce a privilege log, and its document production was far from complete. As one example, in response to Request No. 1 seeking communications about Mobius's work for CREXi mentioning CoStar, Mobius produced only three documents, even though Mobius has worked for CREXi for over four years and received hundreds of thousands of dollars for that work. In response to Requests Nos. 2 & 3, which seek documents regarding CoStar photographs and CoStar data in Mobius's possession, Mobius did not produce a single document, even though it has uploaded thousands of CoStar-owned images to CREXi's website. And Mobius only produced one document in response to

3

Request No. 5, which seeks communications about Mobius's work creating property listings for CREXi, even though Mobius has created thousands of listings at CREXi's direction and on CREXi's behalf. CoStar promptly identified these (and other) deficiencies for Mobius and asked Mobius to immediately supplement its production with responsive documents. In response, Mobius did not deny the inadequacy of its production, instead responding that it would aim to make a supplemental production by January 22, 2024. Mobius offered no explanation for its failure to produce a privilege log.

On January 23, 2024, Mobius produced 6,898 documents, which underscores the deficient nature of Mobius's initial production. The haphazard way in which Mobius produced these documents has moreover delayed CoStar's ability to review them. To start, 3,132 files interspersed in the production were ".bin" files with no content. The rest of the production consisted of PDF printouts of emails, some of which are impossible to read, and nearly one thousand Excel files. Mobius did not produce email families together, forcing CoStar to try to associate PDF copies of emails with their attachments. Mobius also did not provide basic metadata such as custodians for the documents it produced, as was required by the production protocol in the Subpoena. Without accurate metadata, CoStar does not know creation dates, custodians, or file path storage locations for many documents. While CoStar's review of that production is ongoing (and unnecessarily protracted given the format of the production), even a preliminary review of it confirms that it is incomplete. For example, Request No. 2 of the Subpoena requests the production of CoStar images and data (e.g., LoopNet flyers) in Mobius's production. The production, however, does not include a single CoStar image notwithstanding the fact that CREXi has admitted in the Litigation that Mobius uploaded thousands of CoStar images in the case. Moreover, and without explanation, Mobius's January 23 production did not include a privilege log. Ex. 6 at 17.

After multiple follow-up requests, on January 29, 2024, Mobius produced the Privilege Log, but even a cursory review of it showed that it does not comply with Rule 26. Ex. 7. The Privilege Log identifies a dozen communications between Mobius and CREXi, a third party vis-à-vis Mobius who would break privilege (to the extent the communication was otherwise privileged). It does not identify whether any participant to any communication is an attorney, oftentimes referring to participants vaguely as "Mobius,

4

KK." The document "Descriptions" appear to restate the subject line of the withheld communication, which does not actually describe the nature of the document. And none of the entries state whether a communication was made of the purpose of seeking legal advice or prepared in anticipation of litigation— prerequisites for asserting the attorney-client privilege or work product protection, respectively.

On January 31, 2024, CoStar asked Mobius if it intended to remedy the deficiencies in its Privilege Log and reproduce its production consistent with standard production norms. Mobius responded on February 7, 2024 that it "intend[s] to make a supplemental production and serve an amended privilege log." Ex. 6 at 3. CoStar asked about the status of that reproduction on February 12, 2024, and Mobius replied that it intends to produce "some" documents on the Privilege Log, but it has yet to do so, nor has it provided a date by which it will cure production deficiencies or produce an amended privilege log. *Id.* at 1. Mobius's repeated recalcitrance, excuses, and delay tactics must come to an end, and it has left CoStar with no choice but to file this motion.

### III. ARGUMENT

The three questions here are whether (1) Mobius's Privilege Log satisfies Rule 26's requirements for a party seeking to withhold information that is otherwise discoverable, (2) the format of Mobius's production satisfies the standard requirements set forth in the Subpoena, and (3) whether Mobius's production sufficiently responds to CoStar's production. The answer to each question is "no."

### A. Mobius's Privilege Log Is So Deficient That It Favors Finding That Mobius Waived Privilege.

#### 1. Mobius's Privilege Log Does Not Comply With Rule 26.

Pursuant to Rule 26, when withholding responsive documents that are otherwise discoverable, "the [withholding] party must … describe the nature of the documents, communications, or tangible things not produced or disclosed—and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim." Fed R. Civ. P. 26(b)(5)(A). "Further, the 'standard for testing the adequacy of the privilege log is whether, *as to each document*, it sets forth facts that, if credited, would suffice to establish *each element* of the privilege or immunity that is claimed.'" *Vaughan*

*v. Celanese Ams. Corp.*, 2006 WL 3592538, at *3 (W.D.N.C. Dec. 11, 2006) (emphasis added) (citations omitted). Relevant here, the attorney-client privilege applies to communications between lawyer and client made for the purpose of providing legal assistance, and the work product doctrine protects documents prepared by or on behalf of an attorney in anticipation of litigation. *In re Grand Jury Subpoena No. 2013R00691-009*, 201 F. Supp. 3d 767, 771-72 (W.D.N.C. 2016).

Mobius's Privilege Log fails to satisfy the Rule 26 requirements in four separate ways. ***First***, Mobius is improperly withholding non-privileged communications with third parties. The Privilege Log includes 12 communications with CREXi employees James Burton and Lawson Dees. Ex. 7 at Rows 15, 17, 20-22, 25-26, 30-33, 79. It is black letter law, however, that "statements shared with a third party are no longer protected by attorney-client privilege or work-product doctrine, ... [and] even if [those involved in the communications] share an identical legal interest, their discussions outside the presence of their attorney are not entitled to the common interest doctrine's protections." *Ali v. Worldwide Language Res., LLC*, 2022 U.S. Dist. LEXIS 201861, at **7-8 (E.D.N.C. Nov. 4, 2022) (citations omitted). Mobius cannot cloak these third-party communications with a claim of privilege to shield them from production.[2]

***Second***, the Privilege Log does not sufficiently identify the Mobius employee who participated in each communication, making it impossible for CoStar to determine whether an attorney participated at all. *See Progressive Se. Ins. Co. v. Arbormax Tree Serv., LLC*, 2018 WL 4431320, at *8 (E.D.N.C. Sept. 17, 2018) (finding privilege log deficient due to entries lacking adequate descriptions and "any identification of the persons listed that makes clear their role"). In fact, for over 60% of its entries (i.e., 93 of the 151 entries), participants are referred to as "Mobius," with initials (e.g., "Srikanth, B."), or as a single name (e.g., "Aravind"). *See* Ex. 7 at Rows 1-2, 5-9, 15-25, 27-33, 35-36, 38-45, 46-51, 53-55, 67-68, 71, 74-76, 78-80, 85-87, 90, 92-94, 108, 111, 113, 115, 117-130, 132-133, 136-142, 145-146, 148-151. Without knowing the role or identity of any individual associated with an entry, it is impossible for CoStar to

---

[2] While Mobius did not claim that these communications were protected from disclosure by a common interest privilege, for avoidance of doubt, neither Mobius nor CREXi has ever claimed that a common interest agreement applies to their communications.

"assess" Mobius's privilege assertions. *See United Stationers Supply Co. v. King*, 2013 WL 419346, at \*2 (E.D.N.C. Feb. 1, 2013) (finding privilege log deficient in part because for entries without a readily identifiable attorney, "it is unclear how [these] particular communication[s] would be protected as a confidential communication between attorney and client").

***Third***, Mobius's document "Subject/Descriptions" do not "describe the nature of the documents, communications, or tangible things not produced" as is required by Rule 26. Fed. R. Civ. P. 26(b)(5)(A). The "Subject/Description" column of the Privilege Log appears to copy and paste the subject line of the withheld communication without more. For example, twenty-eight entries are "described" as simply "Mobius;" fourteen entries are described as "Mobius/Documents & Other Inputs;" and fifty-three entries are described as "Mobius/CREXi – Project SOP." Those "descriptions" "fail to sufficiently describe the communications so as to enable [CoStar], let alone this Court, to adequately assess the claims of privilege." *United Stationers Supply Co.*, 2013 WL 419346, at \*2 (citations omitted). And while thirty-seven entries include the terms "privileged" or "PRIVILEGED & CONFIDENTIAL," it is well-settled that merely labeling a document as "privileged" does not make it so. *Mr. Dee's Inc. v. Inmar, Inc.*, 2021 WL 3861839, at \*14 (M.D.N.C. Aug. 30, 2021) ("[C]onclusory labels cannot sustain a claim of attorney-client privilege … . Accordingly, the Court disregards the labels in the privilege log.").

***Fourth,*** the Privilege Log does not set forth facts that would suffice to establish each element of the privilege or immunity claimed. Mobius claims it is entitled to withhold all 151 documents on the basis that they are "attorney-client privilege and attorney work product." Yet not one entry purports to be a communication between an attorney and client, made for the purpose of seeking or providing legal advice, prepared by or on behalf of an attorney, or prepared in anticipation of litigation. *See In re Grand Jury Subpoena*, 201 F. Supp. 3d at 771-72. That Mobius's Privilege Log lacks even conclusory statements indicating why documents satisfy the elements of the applicable privileges undermines Mobius's privilege assertions. *Hepburn v. Workplace Benefits, LLC*, 2014 WL 12623294, at \*4 (E.D.N.C. Apr. 18, 2014) (finding privilege log deficient because it "does not set forward all the elements necessary to establish privilege regarding the portion[s] of the email[s] involving non-attorneys").

7

### 2. Mobius Waived Privilege Over Each Communication In Its Privilege Log.

Mobius's repeated failures to produce a log coupled with the Privilege Log's flagrant disregard of Rule 26 supports finding that Mobius waived privilege over each document in its Privilege Log. "When a party provides an inadequate or untimely privilege log, the Court may choose between four remedies: (1) give the party another chance to submit a more detailed log; (2) deem the inadequate log a waiver of the privilege; (3) inspect in camera all of the withheld documents; and (4) inspect in camera a sample of the withheld documents." *Companion Prop. & Cas. Ins. Co. v. U.S. Bank N.A.*, 2016 U.S. Dist. LEXIS 152564, at *4 (D.S.C. Nov. 3, 2016) (citations omitted). In choosing between these remedies, courts consider the behavior of the party attempting to respond to the subpoena and ratchet up the remedy depending on the degree of delay and obstruction the party has already caused.

Two factors weigh in favor of finding waiver. ***First***, when a party repeatedly fails to timely comply with discovery obligations, courts are more likely to find that they have waived privilege assertions. *See U.S. Tobacco Coop., Inc. v. Certain Underwriters at Lloyd's*, 2021 WL 1341360, at *9 (E.D.N.C. Apr. 9, 2021) (finding waiver of attorney-client privilege and work-product doctrine due to party's "misrepresentations" and "grossly untimely responses"). Here, Mobius took three months to produce 76 documents, and then acknowledged that was an incomplete production. Mobius took another six weeks to supplement its production, and the format of that production made it impossible for CoStar to review it efficiently. Meanwhile, despite agreeing to produce a privilege log contemporaneously with its productions, Mobius failed to produce one. Only after repeated requests from CoStar did Mobius finally produce its Privilege Log days after its most recent production, and it was riddled with flaws. Mobius's habitual delays—and failure to produce documents until the eve of the Litigation's fact discovery cutoff—have already prejudiced CoStar. Mobius's foot dragging delayed CoStar's ability to challenge Mobius's privilege assertions, prohibited CoStar from using Mobius-produced documents in depositions, and forced

CoStar to postpone its deposition of a corporate designee from Mobius.[3] There is no reason to believe that permitting Mobius an opportunity to amend its Privilege Log would cure the numerous deficiencies therein, and Mobius's effort to run out the clock to avoid discovery obligations should not be rewarded.

***Second***, when a privilege log is so lacking in detail that it reflects a disregard for Rule 26's requirements, courts are more inclined to find waiver instead of permitting a party to amend their log. *See Meade v. Gen. Motors, LLC*, 250 F. Supp. 3d 1387, 1396 (N.D.G.A. Apr. 21, 2017) (finding waiver because party's "overly broad claim[s] of attorney-client privilege" "was improper, obstructive, and undertaken in bad faith in order to avoid its discovery obligations"). Here, Mobius's Privilege Log does not even attempt to comply with Rule 26. It includes Mobius's communications with third parties; does not identify a single attorney (or properly name participants to emails); does not describe the nature of a single withheld communication; and ignores the elements required to establish the existence of attorney-client privilege or attorney work product. Instead, it copies and pastes dates and subject lines from emails, slaps an "attorney-client privilege and work product" designation on them, and hopes that is sufficient to comply with Rule 26. It is not, and such blatant disregard for the Federal Rules should not be countenanced.

In the alternative to finding that Mobius waived privilege over the 151 documents in its Privilege Log, CoStar requests that the Court conduct an *in camera* review of those documents to evaluate Mobius's claims of privilege. *See, e.g.*, *Westchester Surplus Lines Ins. Co. v. Clancy & Theys Constr. Co.*, 2013 WL 6058203, at *7 (E.D.N.C. Nov. 14, 2013) (reviewing documents *in camera* because the court "cannot determine definitively from the record" whether the protections claimed on a privilege log are valid).

**B. Mobius Must Produce Documents Consistent with Standard Production Norms.**

Mobius failed to produce documents in the standard format required by the Subpoena. The Subpoena requires Mobius to produce documents "as they are kept in the normal course of business" (e.g., in their native format and to produce parent emails with their attachments), and to provide metadata for

---

[3] On January 5, 2024, CoStar served a Rule 30(b)(6) deposition notice on Mobius. Because of Mobius's failure to comply with the Subpoena, CoStar has postponed its deposition of Mobius. It will depose Mobius within 14 days of the Court's order on this motion.

produced documents that "identif[ies] the file from which each Document was taken" and "the name, affiliation, and position for each custodian for each file." Ex. 3 at 8, ¶ 3. Mobius paid little (if any) attention to those requirements. Instead, Mobius produced thousands of .bin files that were not readable; produced PDF printouts of emails; and produced thousands of Excel files that may or may not be attachments to the PDF versions of the emails Mobius produced. Mobius also did not provide metadata for the documents it produced, further frustrating CoStar's ability to review documents, determine their custodian, and identify potential document families. When CoStar asked Mobius to reproduce documents in compliance with the Subpoena, Mobius responded that it "frankly [doesn't] understand what all of your issues are." Ex. 6 at 3. Those "issues" are an inability to timely or efficiently review Mobius's production without placing an undue burden on CoStar—a burden that has been compounded by the fact that Mobius's production came four months after its production deadline and weeks before fact discovery cutoff in the Litigation. CoStar thus requests that the Court compel Mobius to produce all responsive documents in compliance with the basic formatting requirements set forth in the Subpoena.

## C. Mobius's Production Is Incomplete.

While CoStar's review of Mobius's documents is ongoing, a preliminary review of the documents produced confirms that it is also incomplete and must be supplemented. For example, CoStar's Request No. 2 asked for "[a]ll CoStar Photographs and CoStar Data" possessed by Mobius. Ex. 3 at 8, ¶ 2. Mobius, however, has not produced a single CoStar image. It is not credible that Mobius lacks possession of such images considering that it uploaded thousands of CoStar-owned images to CREXi's platform. That is one obvious production gap that is directly relevant to CoStar's copyright infringement claims in the Litigation, and must be cured.[4]

## IV. CONCLUSION

For the reasons stated herein, CoStar respectfully requests that the Court grant CoStar's motion.

---

[4] CoStar is reviewing Mobius's recent production, a process slowed by Mobius's formatting. If ongoing review reveals further production deficiencies, CoStar reserves the right to move to compel production.

Respectfully submitted, this the 16th day of February, 2024.

*[signature]*

David Zucker
*Local Civil Rule 83.1(d) Attorney for CoStar Group, Inc. and CoStar Realty Information, Inc.*
N.C. Bar No. 58563
LATHAM & WATKINS LLP
555 Eleventh Street, NW
Suite 1000
Washington, D.C. 20004
Tel: 202.637.2200
Fax: 202.637.2201
david.zucker@lw.com

Nicholas J. Boyle
*Attorney for CoStar Group, Inc. and CoStar Realty Information, Inc. – Local Civil Rule 83.1(e) Notice of Special Appearance Forthcoming*
D.C. Bar No. 481098
LATHAM & WATKINS LLP
555 Eleventh Street, NW
Suite 1000
Washington, D.C. 20004
Tel: 202.637.2200
Fax: 202.637.2201
nicholas.boyle@lw.com

**CERTIFICATE OF SERVICE**

I certify that a true and correct copy of the foregoing MEMORANDUM IN SUPPORT OF COSTAR'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS was furnished as set forth and by U.S. Mail, postage prepaid, in an envelope addressed to:

> Rachel M. Crockett
> LLOYD & MOUSILLI, PLLC
> 11807 Westheimer Road
> Suite 550 PMB 944
> Houston, TX 77077
> Telephone: (512) 609-0059
> Facsimile: (413) 473-6164
> Email: rachel@lloydmousilli.com
> litigation@lloydmousilli.com

*Attorney for Respondent Mobius365 Knowledge Services Inc.*

Respectfully submitted, this the 16th day of February, 2024.

David Zucker
*Local Civil Rule 83.1(d) Attorney for CoStar Group, Inc. and CoStar Realty Information, Inc.*
N.C. Bar No. 58563
LATHAM & WATKINS LLP
555 Eleventh Street, NW
Suite 1000
Washington, D.C. 20004
Tel: 202.637.2200
Fax: 202.637.2201
david.zucker@lw.com