DocuSign Envelope ID: A5A34055-D1CD-4043-9D2D-906F7E4CEDE1

Honorable Suzanne H. Segal (Ret.)
Signature Resolution
633 W. 5th Street, Suite 1000
Los Angeles, CA 90071
JudgeSegal@SignatureResolution.com

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| COSTAR GROUP, INC. AND COSTAR REALTY INFORMATION, INC., <br><br>*Petitioners*, <br><br>v. <br><br>MOBIUS365 KNOWLEDGE SERVICES, INC., <br><br>*Respondent*, <br><br>v. <br><br>COMMERCIAL REAL ESTATE EXCHANGE, INC., <br><br>*Intervenor Respondent*. | Case No. 2:24-00038 CBM (ASx) <br><br>SPECIAL MASTER'S ORDER GRANTING IN PART AND DENYING IN PART COSTAR'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS FROM MOBIUS <br><br>(Dkt. No. 1 and related filings) [1][2] |

1

On February 16, 2024, Petitioner CoStar Group, Inc. and CoStar Realty Information, Inc. ("CoStar") filed a Motion to Compel Production of Documents from Respondent Mobius365 Knowledge Services, Inc. ("Mobius") in the United States District Court for the Eastern District of North Carolina (the "Motion") (Dkt. 1), which was subsequently transferred to this Court (Dkt. 18).  Respondent Mobius filed an opposition on March 19, 2024 (Dkt. 27).  Intervenor Respondent Commercial Real Estate Exchange, Inc. ("CREXi") also filed an Opposition on March 19, 2024 (Dkt. 31).  On March 20, 2024, CoStar filed a Reply to Mobius's Opposition (Dkt. 35) and a Reply to CREXi's Opposition (Dkt. 37-1.)   The matter was referred to the Special Master on May 16, 2024.

The Special Master has considered the Motion, the Oppositions, the Replies, and all related filings.  The parties waived a hearing on this motion.  For the reasons discussed below, the Motion is GRANTED in PART and DENIED in PART.

A. COSTAR'S CONTENTIONS

Respondent Mobius365 Knowledge Services, Inc. ("Mobius") repeatedly thumbed its nose at the Rule 45 subpoena issued by Petitioners CoStar Group, Inc. and CoStar Realty Information, Inc. ("CoStar"), ignoring agreed production deadlines, withholding

2

responsive documents, and then producing some selected, responsive documents in a format that significantly hampered CoStar's ability to review them. In an effort to avoid judicial intervention, CoStar met and conferred with Mobius for five months about Mobius's response to the subpoena, and ultimately persuaded Mobius to address some-but not all concerns. (Dkt. 1 at 1.)

**First,** Mobius refuses to cure the deficient nature of its privilege log (the "Privilege Log"), which Mobius produced four months *after* the production deadline and which is facially non-compliant with Rule 26. For example, 12 of the 151 communications on the Privilege Log are with a third party-Commercial Real Estate Exchange, Inc. ("CREXi"), the defendant in the underlying copyright litigation pending in the Central District of California-thus are presumptively not privileged as the attorney-client privilege is waived upon disclosure of an otherwise privileged communication to a third party. The log also does not identify a single attorney (indeed, it does not identify most participants by their full name and identifies some participants as "Mobius"); it does not describe the nature of any withheld communication (again, oftentimes "describing" documents only as "Mobius"); and while all 151 entries are withheld as "attorneyclient privilege and attorney work product," the log does not

3

contend that a single withheld communication purports to be between an attorney and client for the purpose of obtaining legal advice, or prepared in anticipation of litigation. (Dkt. 1 at 1.)

*Second,* Mobius has refused to produce documents in compliance with production norms such that they can be reviewed in an efficient manner, instead producing documents without metadata, not as families, and, in some instances, where documents are not readable. (Dkt. 1 at 1.)

*Third,* even a cursory review of Mobius's production reveals significant production gaps, the most glaring of which is Mobius's failure to produce a single CoStar image in its possession notwithstanding the fact that it uploaded thousands of CoStar-owned images to CREXi's platform. (Dkt. 1 at 1.)

CoStar respectfully requests an order (1) finding that Mobius waived privilege over the 151 documents on the Privilege Log and compelling their production, (2) compelling Mobius to reproduce the documents it has produced in compliance with the protocol set forth in the subpoena; and (3) compelling Mobius to supplement its

production with documents in its possession, custody, and control that are responsive to the Subpoena but not yet produced. (Dkt. 1 at 1-2.)

**B. MOBIUS'S CONTENTIONS**

Mobius is an innocent third-party to this dispute. Mobius has complied with all of its obligations with respect to the subpoena issued by CoStar, including multiple productions of over 26,000 pages of documents, and serving three privilege logs, containing over 200 detailed entries. Yet, CoStar's counsel continues to demand more and more information and documents with each coming week, even though such information was not initially requested. Despite Mobius caving to almost every single one of CoStar's demands, CoStar filed a Motion to Compel against Mobius while ignoring five separate written requests for a telephone conference on these issues over the course of six weeks, forcing Mobius to incur thousands of dollars in attorney's fees to oppose this unnecessary Motion. (Dkt. 27 at 1.)

CoStar's recent "waiver" argument is nonsensical for a couple of reasons: (1) Mobius complied with all requests for a privilege log and all requests for multiple amendments of said privilege log; (2) the only period of alleged "delay" in producing the privilege log pertained

to Mobius' initial production, which contained a mere 3 privileged emails (as relayed to CoStar's counsel). *See* Ex. C at p. 6. The other 148 entries on Mobius' Privilege Log were from Mobius' January 23rd production, and its privilege log for such documents was delivered **six days** later (on January 29). *Id.* That CoStar would waste this Court's time in seeking to compel the production of over one hundred admittedly privileged documents over a **six-day** delay is absurd and unethical. (Dkt. 27 at 9-10.)

## C. CREXI'S CONTENTIONS

CREXi opposes CoStar's motion as to the subset of documents withheld as CREXi's work product. These documents fall into two categories, both of which are in the heartland of work product protection: (1) direction from CREXi's counsel to Mobius to engage in discrete projects to assist in CREXi's investigation of claims in the lawsuit *CoStar v. CREXi*, 20-cv-08819-CBM-AS (2020) ("Underlying Litigation"); and (2) documents Mobius created in connection with those projects. (Dkt. 31 at 1.)

For multiple reasons, CREXi expected Mobius would keep documents concerning the work conducted at the direction of CREXi's counsel confidential. First, Mobius and CREXi have long had a Nondisclosure Agreement that prevents Mobius from disclosing such information. Second, CREXi orally directed Mobius to keep litigation-project-related documents confidential. Third, Mobius and CREXi contemporaneously labelled such documents "Privileged." As the court in the Underlying Litigation recently held, where documents are prepared by a third-party vendor "at the direction of [a party's] counsel because of . . litigation and would not have been created in substantially similar form but for the litigation," the documents constitute protected work product. *CoStar v. CREXi*, 20-cv-08819-CBM-AS, ECF 702-1 (February 21, 2024) ("Ord. ECF 702-1"). The same applies here. This Court should deny CoStar's motion as to the documents on CREXi's privilege log. (Dkt. 31 at 1.)

## D. COSTAR'S CONTENTIONS ON REPLY TO MOBIUS'S OPPOSITION

Mobius produced three untimely privilege logs in response to CoStar's subpoena, none compliant with Rule 26. At a minimum, privilege logs must contain "(a) the attorney and client involved, (b)

the nature of the document, (c) all persons or entities shown on the document to have received or sent the document, (d) all persons or entities known to have been furnished the document or informed of its substance, and (e) the date the document was generated, prepared, or dated." *Khasin v. Hershey Co.*, 2014 WL 690278, at *2 (N.D. Cal. Feb. 21, 2014).

Mobius's first log included third-party communications and did not sufficiently identify participants or describe the documents. ECF 2 at 6-7. Rather than contest those fatal flaws, Mobius produced an amended log after CoStar filed the instant motion, still failing to identify a single attorney. Six days later, Mobius produced a second amended log (the "Third Log"), which still lacks sufficient information to allow CoStar to evaluate Mobius's privilege assertions. (Dkt. 35 at 1.)

After three facially deficient logs, Mobius's opposition tries to excuse those gaping holes after the fact by now pointing to a declaration from a Mobius employee, which Mobius claims "establishes every element of the attorney-client privilege." Mob. Opp. at 11. It does not; it lumps together hundreds of documents and claims "Mobius was communicating" with unspecified "attorney(s)"

about "confidential legal advice" regarding "potential litigation or ongoing litigation." Mob. Ex. I, ¶ 6. Regardless, a "vague declaration that states only that the document 'reflects' an attorney's advice is insufficient to demonstrate … privilege[]." *Dolby Laby's Licensing Corp. v. Adobe Inc.*, 402 F. Supp. 3d 855, 866 (N.D. Cal. 2019) (citation omitted). (Dkt. 35 at 2.)

Mobius's unapologetic non-compliance with Rule 26 supports a waiver. (Dkt. 35 at 2.)

In the alternative, CoStar respectfully requests *in camera* review of documents on the Third Log. *Roblox Corp. v. WowWee Grp. Ltd.*, 2024 WL 815516, at *3 (N.D. Cal. Feb. 27, 2024) (conducting in camera review because the "Court cannot determine … privilege[] without reviewing the underlying documents"). (Dkt. 35 at 3.)

**E. COSTAR'S CONTENTIONS ON REPLY TO CREXI'S OPPOSITION**

***CREXi fails to meet its burden to show that the documents on its privilege log were created "because of" this litigation***. *In re Grand Jury Subpoena*, 357 F.3d 900, 908 (9th Cir. 2004). CREXi's work

9

DocuSign Envelope ID: AFA34055-D1CD-4D43-9D2D-006F7F4CFDE1

product assertions hinge on the claim that as of March 26, 2021, "CREXi's counsel directed Mobius to conduct a handful of discrete projects to investigate" CoStar's allegations. Opp. at 2. That *post hoc* argument is belied by discovery CREXi has produced in this case and testimony CREXi has offered. (Dkt. 37-1 at 1.)

Given CREXi's testimony and verified discovery responses—which conflict with its new claim that Mobius worked on litigation projects "separate and apart" from its "regular work," Beck Decl. ¶ 5—CREXi falls far short of "demonstrating that the [work product] protection applies." *Phoenix Techs. Ltd. v. VMware, Inc.*, 195 F. Supp. 3d 1096, 1102 (N.D. Cal. 2016). (Dkt. 37-1 at 2.)

**Even if CREXi substantiated its claims (it did not), CREXi (and Mobius) waived them.** CREXi waived work product by selectively producing some of Mobius's "litigation-related work," but not all of it. (Dkt. 37-1 at 2.)

CREXi independently waived work product because its conduct has been "inconsistent with the maintenance of secrecy against adversaries" (*i.e.* CoStar). *U.S. v. Sanmina Corp.*, 968 F.3d 1107, 1122 (9th Cir. 2020). (Dkt. 37-1 at 2.)

*Regardless, CoStar has a substantial need for these documents.* *Eastman v. Thompson*, 594 F. Supp. 3d 1156, 1197 & n.277 (C.D. Cal. 2022). (Dkt. 37-1 at 3.)

## F. DISCUSSION

**1. Mobius Must Re-Produce Documents In the Form Requested By the Subpoena and Supplement its Production.**

A party demanding production of electronically-stored information ("ESI") may specify the form or forms in which ESI is to be produced. Fed. R. Civ. P. 45(a)(1)(C); *see also* Fed. R. Civ. P. 34(b)(1)(C). If the requesting party does not specify the form or forms for producing ESI, ESI must be produced "in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms[.]" Fed. R. Civ. P. 45(e)(1)(B); *see also* Fed. R. Civ. P. 34(b)(2)(E)(ii).

A person or entity responding to a subpoena or request for documents may object to producing information in the designated form or forms. Fed. R. Civ. P. 45(d)(2)(B); Fed. R. Civ. P. 34(b)(2)(D). Absent timely objection, however, the producing party must produce ESI in the requested form, unless the parties agree or the court orders otherwise. *Morgan Hill Concerned Parents Ass'n v. California Dep't of Educ.*, 2017 WL 445722, at *3 (E.D. Cal. Feb. 2, 2017) (citing cases);

*Aguilar v. ICE Division of United States Dept. of Homeland Security*, 255 F.R.D. 350, 356-57 (S.D.N.Y. 2008) (responding party "must either produce ESI in the form specified or object").

CoStar's subpoena requests Mobius "[p]roduce all Documents as they are kept in the normal course of business" and "[i]dentify the file from which each Document was taken, as well as the name, affiliation, and position for each custodian for each file." (Dkt. 2-3 at 8, ¶ 3.) The subpoena also instructs, "[i]f Documents are kept in hard copy, scan to PDF and provide electronically, identifying the custodian for each file." (*Id.*) Mobius did not object to the form of production specified in CoStar's subpoena. (*See* Dkt. 27-1).

CoStar's subpoena requires Mobius to produce ESI in the form in which it is maintained in the normal course of business, which includes producing any metadata maintained in the ordinary course of business. *See Am. Auto. Ins. Co. v. Hawaii Nut & Bolt, Inc. Moore*, 2017 WL 80248, at *8 (D. Haw. Jan. 9, 2017) (holding "ESI must be produced in the form in which it is maintained in the ordinary course of business, and if this includes metadata, the metadata must also be provided[.]"); *see also Verisign, Inc. Sec. Litig.*, 2004 WL 2445243, at *2 (N.D. Cal. Mar. 10, 2004) (holding magistrate judge's order that party produce electronic documents in native format was consistent with Federal Rules' requirement to produce documents as kept in the usual course of business); *Morgan Hill*

*Concerned Parents Ass'n,* 2017 WL 445722, at *12 (ordering party to reproduce ESI in native format with all metadata attached); *Williams v. Sprint/United Management Co.*, 230 F.R.D. 640, 652, n.69 (D. Kan. 2005) (holding that generally, when a party requests or is ordered to produce electronic documents as they are maintained in the ordinary course of business, "the producing party should produce the electronic documents with their metadata intact[.]").

Mobius's production of electronic documents without metadata, PDF printouts of emails separate from their attachments, and document images that are partially cut-off or illegible fails to comply with the form of production requested by the subpoena. CoStar's Motion is GRANTED to the extent it seeks an order requiring production of documents with metadata and production of images. Mobius is ORDERED to re-produce the documents it has already produced in the form in which such documents are kept in the normal course of business and to produce accompanying metadata. In addition, Mobius must supplement its production by producing CoStar images in its possession that have not been produced but are responsive to CoStar's subpoena. The Special Master ORDERS that this supplemental production be completed within 14 days of the date of this Order.

## 2. Mobius Has Not Waived Privilege But Must Amend its Privilege Log.

CoStar asserts that Mobius has waived privilege by its inadequate production and defective privilege log. A party withholding otherwise discoverable information based on a claim of privilege or work product protection must "describe the nature of the documents, communications, or tangible things not produced or disclosed--and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim." Fed. R. Civ. P. 26(b)(5)(A). A privilege log satisfies this burden if it identifies "(a) the attorney and client involved, (b) the nature of the document, (c) all persons or entities shown on the document to have received or sent the document, (d) all persons or entities known to have been furnished the document or informed of its substance, and (e) the date the document was generated, prepared, or dated." *Khasin v. Hershey Co.*, 2014 WL 690278, at *2 (N.D. Cal. Feb. 21, 2014).

The Ninth Circuit set out four factors to consider when evaluating a claim of waiver:

> [1] the degree to which the objection or assertion of privilege enabled the litigant seeking discovery and the court to evaluate

14

DocuSign Envelope ID: AFA34055-D1CD-4043-9D2D-006F7F4CFDE1

> whether each of the withheld documents is privileged ... [2] the timeliness of the objection and accompanying information about the withheld documents ... [3] the magnitude of the document production; and [4] other particular circumstances of the litigation that make responding to discovery unusually easy ... or unusually hard.

*E.E.O.C. v. Parker Drilling Co.*, 2014 WL 5410661, at *5 (D. Alaska Oct. 22, 2014) (internal citations omitted). Here, several of the factors weigh against finding waiver. While CoStar challenges the log, the log was not entirely defective and was amended by Mobius. Though the Special Master is finding that additional amendment is necessary, the submitted logs were not so defective as to compel a finding of waiver. In addition, the magnitude of the document production is significant enough to counsel against a finding of waiver. Finally, the circumstances of the litigation – that is, Mobius as a third party to very complex and expansive litigation – also weigh against finding waiver. It is understandable that a third party who signed an NDA with a party to the litigation would be cautious about its production of potentially privileged documents.

Mobius's privilege log does not provide sufficient information to permit CoStar or the Court to adequately assess the privilege claim asserted with respect to each document. However, a defective or untimely privilege log does not automatically require a finding that Mobius waived privilege. *Burlington N. &*

15

*Santa Fe Ry. Co. v. U.S. Dist. Ct. for Dist. of Mont.*, 408 F.3d 1142, 1147 (9th Cir. 2005) (rejecting *per se* rule that failure to produce a privilege log in a timely manner triggers waiver of privileges).

"'When a party provides an inadequate or untimely privilege log, the Court may choose between four remedies: (1) give the party another chance to submit a more detailed log; (2) deem the inadequate log a waiver of the privilege; (3) inspect in camera all of the withheld documents; and (4) inspect in camera a sample of the withheld documents.'" *Sacramento Downtown Arena LLC v. Factory Mut. Ins. Co.*, 2023 WL 5516288, at *2 (E.D. Cal. Aug. 25, 2023) (quoting *Johnson v. Ford Motor Co.*, 309 F.R.D. 226, 234–35 (S.D.W. Va. 2015)).

Of the four remedies, deeming the inadequate log to result in waiver is the "most draconian[.]" *N.L.R.B. v. Jackson Hosp. Corp.*, 257 F.R.D. 302, 307 (D.D.C. 2009); *see also Khasin.*, 2014 WL 690278, at *2 (recognizing "the 'loss of the attorney-client privilege' in adversarial litigation is a 'severe' sanction"). "Given the sanctity of the attorney-client privilege and the seriousness of privilege waiver, courts generally find waiver only in cases involving unjustified delay, inexcusable conduct and bad faith." *Johnson*, 309 F.R.D. at 235.

The remedy of finding waiver is not justified here. Mobius has produced over almost 7,000 documents and has produced a privilege log. While defects

exist in the production and the log, these are insufficient to justify the severe sanction of an across-the-board waiver of attorney-client privilege and attorney work product protection.

In camera review, the alternative remedy requested by CoStar, "'is not generally favored[.]'" *Est. of Thomas v. Cnty. of Sacramento*, 2022 WL 159035, at *3 (E.D. Cal. Jan. 18, 2022) (quoting *Nishika, Ltd. v. Fuji Photo Film Co., Ltd.*, 181 F.R.D. 465, 467 (D. Nev. 1998)). In camera review may impose unnecessary delay into the resolution of this dispute. The Special Master does not find *in camera* review appropriate at this stage.

\\\
\\\
\\\
\\\

DocuSign Envelope ID: AFA34055-D1CD-4043-9D2D-906F7F4CFDF1

CoStar's Motion is DENIED to the extent it seeks an order finding waiver of privileges or *in camera* review of withheld documents. CoStar's Motion is GRANTED to the extent it seeks an amended privilege log from Mobius. Within 14 days of the date of this Order, Mobius must provide an amended and more detailed privilege log that establishes each element of the claimed privilege with respect to each document withheld. Fed. R. Civ. P. 26(b)(5)(A). As noted above, Mobius must also reproduce all previously produced documents with metadata intact. Mobius must produce images responsive to CoStar's subpoena. If CoStar remains unsatisfied with Mobius's amended privilege log, it may raise this issue again with the Special Master. The Special Master directs the parties to request an informal discovery conference to resolve any disputes arising out of this Order or the deadlines contained in this Order.

IT IS SO ORDERED.

DATED: 6/4/2024

*Hon. Suzanne Segal (Ret.)*
2B739185DE71459...

Honorable Suzanne H. Segal (Ret.)
Special Master